UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ODREY PAUL REED,**

    **Movant,**

v.                                      **Case No. 2:11-cv-00804**
                                           **Case No. 2:09-cr-00100**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the movant's "Motion for Correction of Sentence," (ECF No. 84), filed on October 28, 2011, pursuant to 28 U.S.C. § 2255. The movant relies on the recent decision of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The movant, Odrey Paul Reed (hereinafter referred to as "the defendant"), is serving a sentence of 120 months upon his guilty pleas to possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count One), and corruptly altering, destroying and concealing an object (a firearm) with the intent to impair its integrity and availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(c)(1) (Count Two). (Judgment in a Criminal Case, ECF No. 81, at 1.) The defendant will also serve a three-year term of supervised release. He did not take a direct appeal.

The defendant contends that his sentence was enhanced on the basis of a prior conviction for daytime burglary for which he served less than seven months in custody. Based on *Simmons*, he argues that his Criminal History Category should be reduced

from V to IV and his sentencing guideline range should be reduced, with a resulting sentence of 92 months (based on a Total Offense Level of 26). (ECF No. 84, at 1-2.)

The defendant's ground for relief lacks merit for two reasons. First, in his plea agreement, he waived his right to challenge his sentence in any collateral attack except for a claim of ineffective assistance of counsel. The defendant makes no such claim against his attorney. Second, the daytime burglary conviction was not used to enhance the defendant's sentence. In fact, he received no criminal history points for that conviction.

Waiver of Collateral Attack

The defendant's plea agreement contains paragraph 12, which states, in pertinent part, as follows:

> Mr. Reed also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Plea agreement, ECF No. 73, at 6-7.)

The defendant has not alleged that he was denied effective assistance of counsel in any respect, and he bases his motion solely on *Simmons*. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendant has waived his right to challenge his sentence by collateral attack.

Inapplicability of *Simmons*

In *United States v. Simmons*, 649 F.3d 237, 249 (4th Cir. 2011), *en banc*, the Fourth Circuit held that a defendant's prior North Carolina conviction for non-

aggravated, first-time marijuana possession was for an offense not "punishable by imprisonment for a term exceeding one year," and thus did not qualify as a predicate felony conviction for the purpose of 21 U.S.C. § 841(b)(1)(B)(vii).

The defendant's presentence investigation report ("PSR"), filed under seal at ECF No. 83, assigned criminal history points for his prior convictions as follows:

| Date of Arrest | Conviction/Court | Criminal History Pts. |
|---|---|---|
| 1/12/93 | Daytime burglary, Jackson Co. Circuit Ct. | 0 |
| 2/8/93 | Driving without a license, etc. Kanawha Co. Magistrate Ct. | 0 |
| 7/1/95 | Driving without a license, etc. Kanawha Co. Magistrate Ct. | 0 |
| 10/22/96 | Possession of a concealed weapon, Cabell Co. Mag. Ct. | 0 |
| 3/18/97 | Aggravated robbery, etc., Kanawha Co. Circuit Ct. | 3 |
| 9/30/97 | Conspiracy to distribute, etc. marijuana, U.S.D.C.S.D.W.Va. | 3 |
| 6/25/02 | Unlawful wounding, Putnam Co. Circuit Ct. | 3 |
| 9/27/04 | Driving suspended/revoked, Putnam Co. Magistrate Ct. | 0 |
| 11/5/05 | Driving suspended/revoked, etc., Putnam Co. Mag. Ct. | 1 |
| 11/12/05 | Receiving, transferring stolen property, Putnam Co. Magistrate Ct. | 1 |
| 5/22/06 | Driving suspending/revoked, Putnam Co. Magistrate Ct. | 0 |

These prior convictions give the defendant 11 criminal history points, which places him in Criminal History Category V (10, 11, 12 points). It is apparent that the 1993 daytime burglary conviction did not contribute to the applicable advisory guideline range. The undersigned notes that the PSR lists 13 additional arrests on charges which were dismissed. The undersigned proposes that the presiding District Judge **FIND** that the Fourth Circuit's decision in *Simmons* is inapplicable to the defendant's conviction and prior criminal history.

It is respectfully **RECOMMENDED** that the defendant's Motion for Correction of Sentence be denied.

The movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.,

3

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the movant.

<u>November 23, 2011</u>

Mary E. Stanley
United States Magistrate Judge