```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ODREY PAUL REED,**

    Movant

v.                                                                        CIVIL ACTION NO. 2:11-0804
                                                                           (Criminal No. 2:09-00100)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On October 20, 2009, the United States filed a two-count information. Count One charged movant with a violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Count Two charged movant with a violation of 18 U.S.C. 1512(c)(1). On October 21, 2009, movant pled guilty to both counts.

On January 8, 2010, the presiding district judge entered Judgment. Movant was, <u>inter alia</u>, committed to the custody of the United States Bureau of Prisons for a total term of 120 months, to be followed by a three-year term of supervised release. Movant did not appeal.

On October 28, 2011, movant sought relief pursuant to 28 U.S.C. § 2255 as more fully described by the magistrate judge in her PF&R. On November 23, 2011, the magistrate judge entered her PF&R recommending that the court deny the relief requested. The magistrate judge recommends as much based upon the fact that (1) movant previously waived in his plea agreement the right to challenge his sentence in any collateral attack except for a claim of ineffective assistance of counsel, and (2) the 1993 daytime burglary conviction about which movant complains was not used to enhance his sentence.

Movant's objections to the PF&R filed December 9, 2011, do not counter the magistrate judge's well-reasoned discussion. Foremost, movant was assigned a total offense level of 26 under the United States Sentencing Guidelines. Paragraph 12 of the plea agreement states as follows:

> Mr. Reed knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is below or within the Sentencing Guideline range corresponding to offense level 29. . . .
>
> . . . .
>
> Mr. Reed also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

2

> The waivers noted above shall not apply to a
> post-conviction collateral attack or direct appeal
> based on a claim of ineffective assistance of counsel.

(Plea Agmt. ¶ 12).  The instant challenge is plainly encompassed by the waiver.  Movant does not allege ineffective assistance of counsel.[1]

Additionally, movant's objections clarify that his challenge is substantively deficient.  The magistrate judge's analysis reveals, as noted, that the 1993 daytime burglary conviction played no role in the calculation of movant's sentence.  Movant does not challenge that conclusion.  He instead notes only that the 1993 daytime burglary conviction appears in the stipulation of facts attached to his plea agreement, along with other felony predicates.  The appearance of the 1993 daytime burglary conviction in the stipulation, however, lends no support to the contention that the crime played any role in the calculation of movant's sentence.  Again, as demonstrated by the magistrate judge, no criminal history points were assigned to the 1993 daytime burglary conviction in the course of assembling the movant's criminal history category.[2]

---

[1]Movant asserts that he seeks relief under 18 U.S.C. § 3582 and not section 2255.  Inasmuch as movant's challenge is not contemplated, or permitted, by section 3582, the court analyzes the instant challenge pursuant to section 2255.

[2]For the first time in his objections, movant contends that his June 23, 2003, conviction for unlawful wounding was
(continued...)

3

**Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.**

**The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.**

**DATED: April 10, 2012**

**John T. Copenhaver, Jr.
United States District Judge**

---

²(...continued)
improperly used at sentencing.  He asserts that the crime is not a felony and, presumably, that it should not have been assigned three criminal history points.
United States Sentencing Guideline § 4A1.1(a) provides that the court must "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month."  <u>Id.</u> § 4A1.1(a).  United States Sentencing Guideline § 4A1.2(b)(1) states that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to <u>the maximum sentence imposed</u>."  <u>Id.</u> § 4A1.2(b)(1) (emphasis added).  Inasmuch as movant was sentenced to a one- to three-year term of imprisonment on the unlawful wounding conviction, it was properly assigned three criminal history points.  Movant's late-rising assertion is thus not meritorious.

4